IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


SAMUEL M. JOHNSON                                                              PLAINTIFF

vs.                                     Civil No. 4:09-cv-04048

MICHAEL J. ASTRUE                                                              DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Samuel M. Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his application

for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The

parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings

in this case, including conducting the trial, ordering the entry of a final judgment, and conducting

all post-judgment proceedings.  (Doc. No. 2).[1]  Pursuant to this authority, the Court issues this

memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff protectively filed his application for disability benefits on August 23, 2006.  (Tr. 9,

79-81).  Plaintiff alleged he was disabled due to a ruptured right calf muscle, a vascular necrosis

(deteriorating right hip), sciatic nerve damage (palsy), peripheral neuropathy, peripheral vascular

disease in right leg, post traumatic arthritis, pigmentary glaucoma, and cataracts.  (Tr. 111).  Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

alleged an onset date of January 1, 2003. (Tr. 79). This application was initially denied on January

2, 2007 and was denied again on reconsideration on June 7, 2007. (Tr. 48-49). On July 15, 2007,

Plaintiff requested an administrative hearing on his application. (Tr. 60).

This hearing request was granted, and an administrative hearing was held on November 5,

2008 in Texarkana, Arkansas. (Tr. 21-42). Plaintiff was present and was represented by counsel,

Charles Barnett, at this hearing. *See id.* Plaintiff and two witnesses for Plaintiff testified at this

hearing. *See id.* On the date of this hearing, Plaintiff testified he was fifty-five (55) years old, which

is classified as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008). (Tr. 24). Plaintiff

also testified at this hearing that he had a college education and had received a B.S. degree in

Management Information Systems from Texas A&M, Texarkana. (Tr. 24).

On December 16, 2008, the ALJ entered an unfavorable decision on Plaintiff's application.

(Tr. 9-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the

Act through December 31, 2003. (Tr. 11, Finding 1). The ALJ determined Plaintiff did not engage

in Substantial Gainful Activity ("SGA") from his alleged onset date of January 1, 2003 through his

date last insured of December 31, 2003. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the

following severe impairments during the relevant time period: disorders of muscle and connective

tissue and dislocation of the right hip. (Tr. 11-12, Finding 3). The ALJ also determined, however,

that Plaintiff did not have an impairment or a combination of impairments that met or medically

equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of

Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his

Residual Functional Capacity ("RFC"). (Tr. 12-19). First, the ALJ evaluated Plaintiff's subjective

complaints and found his claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon this review of his subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to frequently lift and/or carry up to 10 pounds, with occasional lifting up to 20 pounds per claimant's testimony. The claimant also had the ability to sit 6 to 8 hours in an 8-hour workday (1-2 hours in a continuous period) and the ability to stand and/or walk 1 to 2 hours total in an 8-hour workday.

(Tr. 12, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19-20, Finding 6). The ALJ determined Plaintiff's PRW included work as a self-employed computer store owner. (Tr. 19, Finding 6). Based upon his RFC, the ALJ determined Plaintiff retained the ability to perform this PRW. *See id.* The ALJ then determined Plaintiff was not under a disability, as defined by the Act, at any time from January 1, 2003 (his alleged onset date) through December 31, 2003 (his date last insured). (Tr. 20, Finding 7).

On December 19, 2008, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 4). *See* 20 C.F.R. § 404.968. On December 16, 2008, the Appeals Council declined to review the ALJ's decision. (Tr. 20). On May 18, 2009, Plaintiff brought the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 5-6). This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ's disability determination is not

supported by substantial evidence in the record.  (Doc. No. 5, Pages 1-8).  Specifically, Plaintiff

claims the ALJ's determinations on the following issues are not supported by substantial evidence

in the record: (1) residual functional capacity; (2) past relevant work; and (3) disability. *See id.*  In

response, Defendant argues that substantial evidence supports the ALJ's decision that Plaintiff was

not disabled on or before December 31, 2003, the date Plaintiff's insured status expired.  (Doc. No.

6, Pages 3-10).  Because this Court finds the ALJ erred in assessing Plaintiff's  severe impairments,

this Court will only address this issue.[2]

A claimant suffers from a severe impairment if that impairment is more than slight and if that

---

[2] It appears Plaintiff raised this issue in his appeal brief.  (Doc. No. 5, Page 6).  Even if Plaintiff did not
specifically raise this argument for reversal, this Court raises this issue *sua sponte. See Battles v. Shalala,* 36 F.3d
43, 45 n.2 (8th Cir. 1994) (holding "[e]ven if Battles had not raised an issue concerning the fairness of his hearing,
we might well have raised it sua sponte").

impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities that do not significantly limit any 'basic work activity.'*" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should be considered severe when that diagnosis is supported by sufficient medical evidence); *see also Miller v. Astrue,* No. 05-4409, 2007 WL 1452966, at *1 (8th Cir. May 18, 2007).  If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff claims he is disabled due to a ruptured right calf muscle, a vascular necrosis (deteriorating right hip), sciatic nerve damage (palsy), peripheral neuropathy, peripheral vascular disease in right leg, post traumatic arthritis, pigmentary glaucoma, and cataracts.  (Tr. 111).  The ALJ, however, found Plaintiff only suffered from the following severe impairments: disorders of muscle and connective tissue and dislocation of the right hip.  (Tr. 11, Finding 3).  The ALJ found Plaintiff's pigmentary glaucoma and cataracts were non-severe.  *See id.*  In making this determination, the ALJ found these impairments did not meet the low or *de minimis* standard as articulated by the Eighth Circuit and the U.S. Supreme Court.  That determination was in error.  While these impairments may not necessarily be *disabling,* the medical evidence indicates that these

6

impairments cause more than *slight abnormalities,* which is all that is required for an impairment to be considered "severe."

In the transcript, Plaintiff has a record of treatment for almost a decade–from 1998 until 2007–for his cataracts and glaucoma. (Tr. 425-462).  The relevant time period in this case is January 1, 2003 (Plaintiff's alleged onset date) through December 31, 2003 (Plaintiff's date last insured), and some of these records are dated outside the relevant time period.  (Tr. 20).  Despite this fact, these records reflect that Plaintiff may have suffered from cataracts and glaucoma that would qualify as "severe" under the Act *during* the relevant time period.  For example, in 2003, during the relevant time period, Plaintiff was found to suffer from cataracts in both eyes and pigmentary glaucoma that impacted his vision.  (Tr. 439-441).  These records do not indicate how serious either of these conditions were during the relevant time period.  Later medical records, however, indicate these impairments were severe.  Notably, a record from 2005 indicates that Plaintiff still suffered from these conditions and needed "to get as much rest as possible due to his Glaucoma."  (Tr. 458).

Based upon the low or *de minimis* standard for a "severe" impairment, this Court cannot find that the ALJ's determination regarding Plaintiff's severe impairments is supported by substantial evidence in the record.  Plaintiff provided evidence dated during the relevant time period indicating that his cataracts and glaucoma caused more than *slight abnormalities* which impacted his ability to work.  Importantly, Plaintiff produced these records from 2003.  The ALJ should re-evaluate Plaintiff's alleged disability in light of these severe impairments.  If necessary, the ALJ should re-contact Plaintiff's treating physician to determine the severity of his visual impairment during the relevant time period.  *See* 20 C.F.R. § 404.1512(e) (2006).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this**13th day of May, 2010.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE